(No. 84-CC-2589—)

Virginia J. Seitenzahl a/k/a Virginia J. Scellato, Claimant, v. The State of Illinois, Respondent.

*Order filed June 22, 1987.*

*Order on Motion to Dismiss filed January 11, 1990.*

*Order on Motion to Reconsider and/or Clarify filed May 3, 1990.*

*Order on Motion to Reconsider filed September 17, 1990.*

Drugas, Maione, Morgan & Hyink (Robert C. Samko, of counsel), for Claimant.

Neil F. Hartigan, Attorney General (Gregory Abbott, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, the response of Claimant and the Court being fully advised in the premises:

The court finds that the instant claim sounds in tort and seeks recovery for personal injuries allegedly sustained on March 23, 1983, as a result of negligence on the part of the Respondent.

Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1983, ch. 37, par. 439.22—1) provided that the requisite notice of action for personal injuries must contain certain information, including:

"* * * the place or location where the accident occurred * * *" and, "* * * a brief description of how the accident occurred * * *."

The notice of action in the instant cause was filed September 8, 1983. The introductory paragraph lists the accident location as, "* * * at or near the vicinity of the intersection of *50th Street and Harlem Avenue*" (emphasis added). Subsequently, in paragraph 5 of the notice, the accident is alleged to have occurred on Harlem Avenue, *"between 56th and 57th Streets"* (emphasis added). The complaint alleges that the accident occurred between 56th and 57th Streets.

In addition, the notice states that Claimant, "* * * was injured through the negligence of the State of Illinois in that it improperly maintained its highway." The complaint, filed March 23, 1984, alleges that Claimant was a pedestrian and fell into a roadway defect.

The defects did not deprive Respondent of the opportunity to properly investigate this matter and to defend itself against Claimant's allegations.

We hold that Claimant has substantially complied with section 22—1 of the Court of Claims Act, and her claim should not be dismissed.

It is therefore ordered that the motion of Respondent be, and the same is hereby denied.

## ORDER ON MOTION TO DISMISS

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss, it is

Ordered that the motion to dismiss is denied.

## ORDER ON MOTION TO RECONSIDER AND/OR CLARIFY

RAUCCI, J.

This cause coming to be heard on Respondent's motion to reconsider and/or clarify, due notice having been given the parties hereto, and the Court being fully advised in the premises:

The Court finds: that upon reconsideration of Respondent's motion to dismiss, the claim is hereby dismissed with prejudice.

## ORDER ON MOTION TO RECONSIDER

RAUCCI, J.

This cause coming on to be heard on the Claimant's motion to reconsider, and the Respondent's response thereto, it is ordered that the Claimant's motion to reconsider is denied.